IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 07-3034-M |
| | ) | |
| WILLIAM L. PROCTOR, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f)(1)(C), the government moved for a detention hearing. This Court found that the crime charged was a crime of violence for which a maximum term of imprisonment of ten or more years was prescribed, and granted the government's motion. A detention hearing was held on June 18, 2007. At that hearing the government proffered the Affidavit to the Complaint and the government and the defendant provided information by way of oral proffers. The facts as proffered by the parties are accepted as true for purposes of these proceedings, as is the factual information in the Pretrial Services Report. Both parties also made arguments which the Court has considered. Based upon credible evidence and information submitted at the detention hearing, the Court finds that the defendant, William L. Proctor, should be detained pending trial.

      1.    Because the Court found that there was probable cause to believe that the defendant committed the crime of violence charged, there are rebuttable presumptions that no condition or combination of conditions will reasonably assure the appearance of the defendant

as required and assure the safety of the community. The Court finds the evidence presented by the defendant insufficient to rebut these presumptions..

2. The weight of the evidence against concerning the defendant's guilt is extremely strong. The defendant was caught fleeing from the scene of his attempted bank robbery and confessed. It is clear that the defendant was involved in planning this offense.

3. The defendant has ties to Peoria, Illinois. However, the evidentiary value of those ties is outweighed by the other factors noted in this Order.

4. The defendant currently is unemployed and has a history of serious drug and alcohol abuse.

5. The defendant has a substantial criminal history for a person of his young age.

6. The government has advised the Court that it intends to charge the defendant with a 18 U.S.C. §924(c) firearm count in addition to the aggravated bank robbery charge. Because the evidence indicates that the defendant brandished a firearm during the robbery, he is facing a mandatory minimum sentence of 7 years consecutive to all other counts.

7. The probation office has recommended detention based on the defendant's being a serious risk of flight and a danger to the community.

8 The Court has considered all of the factors listed in 18 U.S.C. § 3142(g) and all of the evidence and information presented by the parties relating to those factors. After weighing those factors and the available evidence, the Court concludes that the government's motion for detention should be allowed. Clear and convincing evidence establishes that no condition or combination of conditions of release will reasonably assure the safety of the

community as required. The Court also finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of the defendant at future court proceedings.

IT IS THEREFORE ORDERED that the defendant, William L. Proctor, is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

s/ Byron G. Cudmore

BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE

Entered: June 28, 2007.